NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**PAMELA PAASO, TXSB #24060371**
Assistant United States Attorney
Pamela.Paaso@usdoj.gov
1000 SW Third Avenue – Suite 600
Portland, Oregon 97204
Telephone: (503) 727-1014
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 6:21-cr-00153-MC |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **SELINA WYNNE DUFLO,** | |
| Defendant. | Sentencing: February 28, 2023 |

**Introduction**

Defendant Selena Wynne Duflo sexually abused a six-year child in her care, recorded the abuse and sent the recordings from Oregon to her romantic partner in California. To hold Ms. Duflo accountable for the abuse and exploitation of a minor child, the United States recommends a 240-month sentence of imprisonment, twelve years' supervised release, restitution, and a special assessment of $100.

**Factual Background**

    A.    **The Offense Conduct**

The offense conduct is accurately set forth in paragraphs 16 through 22 of the Presentence Investigation Report (PSR), incorporated herein by reference.

In 2019, federal agents executed a search warrant for digital devices in their investigation of Daniel Seibert in California. While searching Seibert's devices, police recovered videos of defendant Duflo sexually abusing six-year-old Minor Victim 1 as well as a video including two-year-old Minor Victim 2. Police identified Ms. Duflo through photos of her identification in Seibert's possession. In November of 2019, police executed a search warrant of Ms. Duflo's residence in Redmond, Oregon and Ms. Duflo admitted to making videos of herself abusing MV1 at Seibert's direction. Several of the videos police recovered from Seibert's digital devices were made while Seibert was in California and Ms. Duflo was in Oregon. The government agrees that the descriptions of the videos contained in the PSR are accurate.

### B.     The Charge

On December 1, 2022, pursuant to a plea agreement, Ms. Duflo pleaded guilty to Count 1 of a four-count indictment, charging her with production of child pornography in violation of 18 U.S.C. § 2251(a),(e). The government intends to dismiss the remaining counts at sentencing.

### C.     Plea Agreement and Guideline Computations

The parties have agreed to the following guideline calculations:

| | |
|---|---|
| Base offense level [USSG §2G2.1(a)] | 32 |
| Material involving a minor under 12 [USSG §2G2.1(b)(1)(A)] | +2 |
| Commission of a Sex Act [USSG §2G2.1(b)(2)(A)] | +2 |
| Distribution [USSG §2G2.1(b)(3)] | +4 |
| Repeat and Dangerous [USSG §4B1.5(b)(1)] | +5 |
| Acceptance of responsibility | -3 |
| **Adjusted offense level** | **42** |

### D.     Victim Impact Statement and Restitution

The government anticipates that at least one of the victims' family members will provide a written statement to the Court prior to or at the time of sentencing. The government's sentencing recommendation in this case is set forth in the plea agreement. To the extent any information or recommendation in the VIS is not in accordance with the

government's promises in the plea agreement, the government does not adopt that portion of the VIS.

Pursuant to 18 U.S.C. § 2259, because Ms. Duflo pleaded guilty to 18 U.S.C. § 2251(a), restitution is mandatory in this case. The government anticipates recommending restitution be ordered to cover MV1's counseling expenses. The government respectfully requests 60 days to finalize the restitution request in this case.

### E.     Argument

The government, after consultation with the family of MV1 and MV2, is recommending 240 months' imprisonment and 12 years supervised release. Ms. Duflo's offense has - and will continue to – impact both MV1 and MV2 and the family members who care for them. In addition to the breach of trust the victims experienced through the abuse itself, recording the abuse and disseminating it electronically has created a persistent sense of fear and vulnerability.

The government recognizes Ms. Duflo's lack of prior criminal history and acceptance of responsibility. The government has also taken Mr. Seibert's conviction and sentence into account. With this in mind, a sentence of 240 months is appropriate.

The government supports the supervision conditions recommended in the PSR. The government opposes defendant's request for voluntary surrender considering the anticipated length of sentence, the nature of the offense and defendant's current in-custody status.

/ / /


/ / /


/ / /

**Conclusion**

For the reasons set forth above, the government recommends the Court sentence Ms. Duflo to 240 months' imprisonment, twelve years' supervised release, restitution in an amount to be determined and a $100 special assessment.

Respectfully submitted, on February 22, 2023.

NATALIE K. WIGHT
United States Attorney

/s/ *Pamela Paaso*
PAMELA PAASO
Assistant United States Attorney
